UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOAQUIN GAGER and DIANA GAGER,

                     Plaintiff,

     -against-

PEAPOD LLC, GENERAL ELECTRIC CAPITAL
CORP. and MICHAEL WENZLOFF,

                     Defendants.
----------------------------------------------------------------X

Doc. #:14 CV 10144

**ANSWER**

**TRIAL BY JURY DEMANDED**

      Defendants, PEAPOD LLC and MICHAEL WENZLOFF, by their attorneys, TORINO & BERNSTEIN, P.C., answering the Complaint herein, upon information and belief, states as follows:

## THE PARTIES

      FIRST:   Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "1", and each and every part thereof.

      SECOND:  Defendants deny the allegations contained in paragraph numbered "2", and each and every part thereof, except admit that the defendant, PEAPOD LLC., is an Illinois corporation.

      THIRD:   Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "3", and each and every part thereof.

      FOURTH:  Defendants deny the allegations contained in paragraph numbered "4", and each and every part thereof, except admit that the defendant, MICHAEL WENZLOFF, was and still is a resident of the State of Connecticut.

## JURISDICTION AND VENUE

FIFTH:  Defendants deny the allegations set forth in paragraph numbered "5" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

SIXTH:  Defendants deny the allegations set forth in paragraph numbered "6" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

## AS AND FOR A FIRST CAUSE OF ACTION

SEVENTH:   In answer to paragraph "7" of the Verified Complaint, defendants repeat and reiterate each and every admission and denial in answer to paragraphs numbered "1" through "6" with the same force and effect as though fully set forth herein at length.

EIGHTH:  Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "8", and each and every part thereof.

NINTH: Defendants deny the allegations contained in paragraph numbered "9", and each and every part thereof, except admit that the defendant, MICHAEL WENZLOFF, was the operator on October 27, 2014.

TENTH:  Defendants deny the allegations contained in paragraph numbered "10", and each and every part thereof., except admit that the defendant-driver was an employee of defendant, PEAPOD LLC.

ELEVENTH:   Defendants admit the allegations set forth in paragraph numbered "11", and each and every part thereof.

TWELFTH:  Defendants deny the allegations set forth in paragraph numbered "12" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

THIRTEENTH: Defendants deny the allegations contained in paragraph numbered "13", and each and every part thereof, except admit defendant-driver was an employee of defendant-employer.

FOURTEENTH: Defendants deny the allegations contained in paragraph numbered "14", and each and every part thereof, except admit defendant-driver was acting in the course and scope of employment and defendant-employer.

FIFTEENTH: Defendants deny the allegations contained in paragraph numbered "15", and each and every part thereof, except admit defendant-driver was acting in the course and scope of employment and defendant-employer.

SIXTEENTH: Defendants deny the allegations set forth in paragraph numbered "16" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

SEVENTEENTH: Defendants deny the allegations contained in paragraph numbered "17", and each and every part thereof. except admit defendant-driver had consent to operate vehicle.

EIGHTEENTH: Defendants deny the allegations set forth in paragraph numbered "18" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

NINETEENTH: Defendants deny the allegations set forth in paragraph numbered "19" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTIETH: Defendants deny the allegations set forth in paragraph numbered "20" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-FIRST: Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "21", and each and every part thereof.

TWENTY-SECOND:   Defendants admit the allegations set forth in paragraph numbered "22", and each and every part thereof.

TWENTY-THIRD:   Defendants deny the allegations contained in paragraph numbered "23", and each and every part thereof.

TWENTY-FOURTH:   Defendants deny the allegations contained in paragraph numbered "24", and each and every part thereof.

TWENTY-FIFTH:   Defendants deny the allegations contained in paragraph numbered "25", and each and every part thereof.

TWENTY-SIXTH:   Defendants deny the allegations set forth in paragraph numbered "26" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-SEVENTH:   Defendants deny the allegations contained in paragraph numbered "27", and each and every part thereof.

TWENTY-EIGHTH:   Defendants deny the allegations set forth in paragraph numbered "28" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-NINTH:   Defendants deny the allegations contained in paragraph numbered "29", and each and every part thereof.

THIRTIETH:   Defendants deny the allegations contained in paragraph numbered "30", and each and every part thereof.

**AS AND FOR A SECOND CAUSE OF ACTION**

THIRTY-FIRST: In answer to paragraph "31" of the Verified Complaint, defendants repeat and reiterate each and every admission and denial in answer to paragraphs numbered "1" through "30" with the same force and effect as though fully set forth herein.

THIRTY-SECOND:   Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "32", and each and every part thereof.

THIRTY-THIRD:   Defendants deny the allegations contained in paragraph numbered "33", and each and every part thereof.

THIRTY-FOURTH:   Defendants deny the allegations contained in paragraph numbered "34", and each and every part thereof.

THIRTY-FIFTH:  Defendants joins in the relief sought in paragraph numbered "35".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-SIXTH:  These answering defendants allege, pursuant to Section 1412 of the CPLR, upon information and belief that if plaintiffs sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of culpable conduct of the plaintiff or the plaintiff's assumption of risk.

THIRTY-SEVENTH:  Should it be found, however, that the answering defendants are liable to the plaintiffs herein, any liability being specifically denied, then the answering defendants allege that if any damages are found they are to be apportioned among the plaintiffs and defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:  If injuries and/or damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and/or damages were caused, aggravated or contributed to by the failure of the plaintiff to wear seatbelts, shoulder harnesses and other safety devices, which were available at the time of the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-NINTH:  The plaintiff did not suffer a serious injury as defined by Section 5102(d) of the Insurance Law and, therefore, the cause of action herein is barred by the provisions of the Comprehensive Insurance Reparations Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTIETH: Plaintiff was comparatively negligent and said conduct was the proximate cause of the occurrence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Defendants assert that this case falls within the limited liability provisions of Section 1601 of the Civil Practice Law and Rules, and that the defendants' liability, if any, shall be limited to its equitable share of the total liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-SECOND: Upon information and belief, plaintiffs' claims for medical treatment, dental treatment, custodial care, rehabilitation services, loss of earnings, or other economic loss are subject to the provisions of Rule 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: That the injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiffs against these defendants should be barred.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: Defendants are not liable herein due to the Emergency Doctrine.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: Defendants are not liable herein due to the Unavoidable Accident Doctrine.

WHEREFORE, defendants herein demand judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated: Mineola, New York
February 12, 2015

Yours, etc.,

TORINO, & BERNSTEIN, P.C.

_____
Bruce A. Torino, Esq.,[BT7772]
Attorneys for Defendants
PEAPOD LLC and MICHAEL WENZLOFF
200 Old Country Road, Suite 220
Mineola, New York 11501
(516) 747-4301

## CERTIFICATE OF SERVICE

Bruce A. Torino, an attorney duly admitted to practice before this Court does certify that on this date, February 10, 2015, he did serve upon counsel, via postage pre-paid mail, a copy of this document.

MCCARTHY KELLY LLP
52 Duane Street
New York, NY 10007

Natalie Lefkowitz, Esq.
HERZFELD & RUBIN PC
125 Broad Street
New York, NY 10004

_____
Bruce A. Torino, Esq. [BT7772]