UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOAQUIN GAGER and DIANA GAGER,

                        Plaintiff,

    -against-

PEAPOD LLC, GENERAL ELECTRIC CAPITAL
CORP. and MICHAEL WENZLOFF,

                        Defendants.
-------------------------------------------------------------X

Doc. #:14 CV 10144

**ANSWER**

**TRIAL BY JURY DEMANDED**

      Defendant, GENERAL ELECTRIC CAPITAL CORPORATION, by its attorneys, TORINO & BERNSTEIN, P.C., answering the Complaint herein, upon information and belief, states as follows:

## THE PARTIES

      FIRST:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "1", and each and every part thereof.

      SECOND: Defendant denies the allegations contained in paragraph numbered "2", and each and every part thereof, except admit that the defendant, PEAPOD LLC., is a foreign limited liability company with Delaware as its designated jurisdiction.

      THIRD:  Defendant denies the allegations contained in paragraph numbered "3", and each and every part thereof, except admits that the defendant, GENERAL ELECTRIC CAPITAL CORPORATION, is a foreign corporation organized pursuant to the laws of the State of Delaware.

      FOURTH: Defendant denies the allegations contained in paragraph numbered "4", and each and every part thereof, except admit that the defendant, MICHAEL WENZLOFF, was and still is a resident of the State of Connecticut.

## JURISDICTION AND VENUE

FIFTH: Defendant denies the allegations set forth in paragraph numbered "5" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

SIXTH: Defendant denies the allegations set forth in paragraph numbered "6" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

## AS AND FOR A FIRST CAUSE OF ACTION

SEVENTH: In answer to paragraph "7" of the Verified Complaint, defendant repeats and reiterates each and every admission and denial in answer to paragraphs numbered "1" through "6" with the same force and effect as though fully set forth herein at length.

EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "8", and each and every part thereof.

NINTH: Defendant admits the allegations contained in paragraph numbered "9", and each and every part thereof.

TENTH: Defendant denies the allegations contained in paragraph numbered "10", and each and every part thereof., except admit that the defendant-driver was an employee of defendant, PEAPOD LLC.

ELEVENTH: Defendant denies the allegations contained in paragraph numbered "11", and each and every part thereof, except admits that on October 27, 2014, defendant-driver while in the course of his employment with defendant-employer, was operating a motor vehicle owned by defendant-owner and leased to defendant-employer .

TWELFTH: Defendant denies the allegations set forth in paragraph numbered "12" and each and every part thereof, except admits that prior to October 27, 2014, defendant-owner and defendant-employer entered into a lease agreement for the motor

vehicle operated by defendant-driver on October 27, 2014.

THIRTEENTH: Defendant denies the allegations contained in paragraph numbered "13", and each and every part thereof, except admit defendant-driver was an employee of defendant-employer.

FOURTEENTH: Defendant denies the allegations contained in paragraph numbered "14", and each and every part thereof, except admits that on October 27, 2014, defendant-driver while in the course of his employment with defendant-employer, was operating a motor vehicle owned by defendant-owner and leased to defendant-employer.

FIFTEENTH: Defendant denies the allegations contained in paragraph numbered "15", and each and every part thereof, except admits that on October 27, 2014, defendant-driver while in the course of his employment with defendant-employer, was operating a motor vehicle owned by defendant-owner and leased to defendant-employer.

SIXTEENTH: Defendant denies the allegations contained in paragraph numbered "16", and each and every part thereof, except admits defendant-driver had consent to operate vehicle owned by defendant-owner and leased to defendant-employer.

SEVENTEENTH: Defendant denies the allegations contained in paragraph numbered "17", and each and every part thereof, except admits defendant-driver had consent to operate vehicle owned by defendant-owner and leased to defendant-employer.

EIGHTEENTH: Defendant denies the allegations set forth in paragraph numbered "18" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

NINETEENTH: Defendant denies the allegations set forth in paragraph numbered "19" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTIETH: Defendant denies the allegations set forth in paragraph numbered "20" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "21", and each and every part thereof.

TWENTY-SECOND: Defendant denies the allegations set forth in paragraph numbered "22", and each and every part thereof, except admits defendant-driver was driving a motor vehicle owned by defendant-owner and leased to defendant-employer, in the course of his employment at or near the place of accident.

TWENTY-THIRD: Defendant denies the allegations contained in paragraph numbered "23", and each and every part thereof.

TWENTY-FOURTH: Defendant denies the allegations contained in paragraph numbered "24", and each and every part thereof.

TWENTY-FIFTH: Defendant denies the allegations contained in paragraph numbered "25", and each and every part thereof.

TWENTY-SIXTH: Defendant denies the allegations set forth in paragraph numbered "26" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-SEVENTH: Defendant denies the allegations contained in paragraph numbered "27", and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-EIGHTH: Defendant denies the allegations set forth in paragraph numbered "28" and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

TWENTY-NINTH: Defendant denies the allegations contained in paragraph numbered "29", and each and every part thereof, and refers all questions and conclusions of law to this Honorable Court.

THIRTIETH: Defendant denies the allegations contained in paragraph numbered "30", and each and every part thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

THIRTY-FIRST: In answer to paragraph "31" of the Verified Complaint, defendant repeats and reiterates each and every admission and denial in answer to paragraphs numbered "1" through "30" with the same force and effect as though fully set forth herein.

THIRTY-SECOND: Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "32", and each and every part thereof.

THIRTY-THIRD: Defendant denies the allegations contained in paragraph numbered "33", and each and every part thereof.

THIRTY-FOURTH: Defendant denies the allegations contained in paragraph numbered "34", and each and every part thereof.

THIRTY-FIFTH: Defendant joins in the relief sought in paragraph numbered "35".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-SIXTH: This answering defendant allege, pursuant to Section 1412 of the CPLR, upon information and belief that if plaintiffs sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of culpable conduct of the plaintiff or the plaintiff's assumption of risk.

THIRTY-SEVENTH: Should it be found, however, that the answering defendant is liable to the plaintiffs herein, any liability being specifically denied, then the answering defendant alleges that if any damages are found they are to be apportioned among the plaintiffs and defendants according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: If injuries and/or damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and/or damages were caused, aggravated or contributed to by the failure of the plaintiff to wear seatbelts,

shoulder harnesses and other safety devices, which were available at the time of the occurrence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-NINTH: The plaintiff did not suffer a serious injury as defined by Section 5102(d) of the Insurance Law and, therefore, the cause of action herein is barred by the provisions of the Comprehensive Insurance Reparations Act.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTIETH: Plaintiff was comparatively negligent and said conduct was the proximate cause of the occurrence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Defendant asserts that this case falls within the limited liability provisions of Section 1601 of the Civil Practice Law and Rules, and that the defendant's liability, if any, shall be limited to its equitable share of the total liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-SECOND: Upon information and belief, plaintiffs' claims for medical treatment, dental treatment, custodial care, rehabilitation services, loss of earnings, or other economic loss are subject to the provisions of Rule 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified in whole or in part, from any collateral source are not recoverable in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: That the injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiffs against this defendant should be barred.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: Defendant is not liable herein due to the Emergency Doctrine.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-FIFTH:  Defendant is not liable herein due to the Unavoidable Accident Doctrine.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: This answering defendant alleges that pursuant to 49 U.S.C.A. §30106 [also known as the "Graves Amendment"], there shall be no liability found upon answering defendant as the owner of a motor vehicle for the accident which is the subject of this action which occurred during a period wherein a lease agreement was in effect.

WHEREFORE, defendant herein demand judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated:  Mineola, New York
        February 24, 2015

                              Yours, etc.,

                              TORINO, & BERNSTEIN, P.C.

                              Christine M. Captiolo, Esq.,[CMC 9098]
                              Attorneys for Defendant
                              GENERAL ELECTRIC CAPITAL CORPORATION
                              200 Old Country Road ,Suite 220
                              Mineola, New York 11501
                              (516) 747-4301

## CERTIFICATE OF SERVICE

Christine M. Capital, an attorney duly admitted to practice before this Court does certify that on this date, February 24, 2015, she did serve upon counsel, via postage pre-paid mail, a copy of this document.

MCCARTHY KELLY LLP
52 Duane Street
New York, NY 10007

                              Christine M. Capitol [CMC 9098]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    CV: 14 CV 10144
JOAQUIN GAGER and DIANA GAGER,

        Plaintiffs,

  against

PEAPOD LLC, GENERAL ELECTRIC CAPITAL
CORP. and MICHAEL WENZLOFF,

        Defendants.
------------------------------------------------------------------X

---

## ANSWER,

---

# TORINO & BERNSTEIN, P.C.

Attorneys for Defendant
*GENERAL ELECTRIC CAPITAL CORPORATION*
200 OLD COUNTRY ROAD, SUITE 220
MINEOLA, NEW YORK 11501
<516> 747-4301

Our File Number: 108/214154